## ELISHA BAGLEY

*v.*

## WILLIAM McCLURE, for the use of GEORGE FETRICK.

1. NEW TRIAL—*verdict contrary to the evidence.* Even if the finding of the court below, on the facts of the case tried before it, should be against the evidence, but only slightly so, the finding of the court will not be disturbed.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The facts are stated in the opinion of the court.

Messrs. WINKLEMAN & DILL, for the plaintiff in error.

Mr. S. M. CASE, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action commenced by William McClure for the use of George Fetrick, before a justice of the peace, against Elisha Bagley, on an order drawn on the latter by Martha McClure, for one hundred dollars. On the back of the

order was this acceptance: "I accept the within order, and agree to pay it out of the first money collected by me for Martha McClure, March 19, 1862." On the trial before the justice of the peace, defendant recovered a judgment against plaintiff for costs, from which he appealed to the Circuit Court. At the October term, 1867, of the St. Clair Circuit Court, the cause was again tried by the court, without the intervention of a jury, by consent of the parties, when a judgment was rendered in favor of plaintiff, for the sum of $85 75, from which, defendant below has appealed to this court, and assigns various errors. The principal error questions the finding of the court below on the evidence adduced on the trial.

The order was introduced in evidence, and upon it was endorsed a credit of $13 25, on the 19th day of March, 1862. Fetrick, the beneficial plaintiff, testified that he purchased the order from B. M. Nelson, and afterwards presented it to appellant for payment. That appellant said he had received an amount of money sufficient to pay it, and thought it was paid, but said he would see McClure, who would know; that it it had not been paid in whole or in part to him. Nelson testified that he purchased the order of McClure, and presented it to appellant, and he accepted it; that he refused to do so until he should credit it by the sum of $13 25, which he did at the time; that appellant on several occasions promised to pay the order when he should collect money for Martha McClure to meet it, but never paid it to him; that he purchased the order in March, 1862, and held it till the fall of 1866. A receipt from Nelson to Lienish, for $120, for the use of appellant and executed by Nelson, was produced and read in evidence, which amount, Nelson states, was received in June and July, 1862. This receipt was relied upon as a set-off.

Swaggard testified, that as they went from the trial before the justice of the peace, appellant stated to him that the

transaction had occurred so long since that he could not say whether or not the order was paid. Appellant testified that he had loaned Nelson six or seven years previously $50, which he had never paid, and that Nelson had, as constable, collected fees due him as a justice of the peace, which he had not paid him, to the amount of $69, and that he owed him $79 40 for cash notes and book accounts. That he had sold to Nelson a note for $19 on McClure. He also stated the matter had run so long he could not say whether the order had been paid to McClure. Appelle stated that he was unable to state whether it had been paid.

Nelson, on being recalled, stated that appellant had collected fees due him as constable, and that he did not owe appellant anything on a settlement; that he had no knowledge of the $79, and did not owe it; that the $13 25, credited on the order, was the balance of the Lienish money. Nelson, on his first examination, denied that he, on the Sunday before that term of court, had stated that the receipt for the money received of Lienish had all been paid to Bagley, except $13 25. Appellant and appellee both contradict Nelson as to this statement.

The production of the order accepted, and proof that appellant had received the funds out of which it was to be paid, established appellee's right to recover, unless payment or set-off was proved by appellant. Appellee is unable to state that it was paid, and Nelson and Fetrick both deny its payment while in their hands. Nor do we discover any evidence in the record from which payment can be inferred. It is insisted that Nelson, while he held the order, collected and receipted for $120 of appellant's money, and that this should be set off against the order. Nelson swears that it was paid to him, and appellant does not deny it, but insists that Nelson admitted that $13 25 of that amount was unpaid, and this amount was allowed him by the court in finding the amount due on the order.

It is also urged that the fees due appellant, and collected by Nelson while he was the owner of the order, should have been allowed as a set-off. Nelson, however, denies that he owed him anything on that or any other account, and insists that on a fair settlement, appellant is indebted to him. In this, there is a conflict between the evidence of these two witnesses, and we are unable to say to which the credit should be given. The judge who tried the case had the best means of determining that question. He could see the witnesses when testifying, and judge from their manner, if nothing else, which was the most credible; and having given the credit to Nelson rather that to the defendant in the suit, we can find nothing in the record which requires us to give the weight to appellant's evidence. So far as we can see; appellant has received all of the credits to which he is entitled, and we feel no disposition to disturb the finding of the court. If the weight of evidence in this case is against the finding of the court, it is only slightly so, and we do not feel warranted in reversing the judgment, and it must be affirmed.

*Judgment affirmed.*